**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**MARLO MONTEZ WADE**                                                      **MOVANT**

**v.**                                                   **No. 2:07CR103-M**

**UNITED STATES OF AMERICA**                                    **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion under 28 U.S.C. § 2255 by Marlo Montez Wade to vacate, set aside, or correct his sentence. The government has moved to dismiss the motion, and Wade has responded. The matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct Wade's sentence will be denied.

**Facts and Procedural Posture**

On May 31, 2007, Marlo Montez Wade was charged in an eight-count indictment on six drug charges and two firearm charges. On August 2, 2007, Wade pled guilty to Counts One and Four – violating 21 U.S.C. §§ 841(a); (b)(1)(B), and 846. In his Plea Agreement, page 3, paragraph 7, Wade agreed to waive his right to appeal his sentence or pursue any form of post-conviction collateral relief. On November 1, 2007, Wade was sentences to 130 months imprisonment, 48 months supervised release, and a $100.00 special assessment. On January 1, 2010, Wade filed the instant motion under 28 U.S.C. § 2255.

**Wade's Arguments**

Wade argues in his motion that his plea was not knowing or voluntary. He believes that the factual basis recited in court by the government was insufficient to sustain his conviction for

conspiracy to possess with intent to distribute in excess of five grams of cocaine base. Under controlling law, a criminal defendant cannot be convicted of conspiracy if the only other person involved in the "conspiracy" is a government agent – because the agent of the government secretly wants to frustrate the object of the plan, not to further it. *Sears v. United States*, 343 F.2d 139 (5th Cir. 1965). Wade argues that his attorney rendered constitutionally deficient representation in advising him to plead guilty when the facts alleged against him did not constitute the crime of conspiracy. Wade also argues that the District Court did not analyze the sentencing factors set forth in 18 U.S.C. § 3553 and, thus, he was not properly sentenced. Finally he argues that he may proceed with the present § 2255 case, despite the provision in the plea agreement that he waived his right to appeal or seek post-conviction relief, because he is challenging the validity of the plea agreement itself. "[A] defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel." *United States v. White*, 307 F.3d 336 (5th Cir. 2002), *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir.1995).

## The Government's Argument

The government makes only one argument in this case, but it does not apply to the present petition. The government argues that Wade's waiver of appellate and post-conviction rights bars his claims in the present motion. This argument is without merit, as "a defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel." *United States v. White*, 307 F.3d 336 (5th Cir. 2002), *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir.1995). That is Wade's primary argument in the present motion; thus, the court must examine the merits of Wade's claims.

**Conspiracy**

The elements of a criminal conspiracy are: (1) an agreement between two or people to pursue an unlawful objective, (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy, and (3) an overt act by one or more members of the conspiracy in furtherance of the objective of the conspiracy. *United States v. Freeman*, 434 F.3d 369 (5th Cir. 2005). A government agent, by definition, cannot be part of a conspiracy because he secretly seeks to frustrate, not further, the conspiracy's objectives. For this reason, to achieve a conviction for conspiracy, the government must prove that the defendant conspired with someone *other than* the government agent or informant. *Sears v. United States*, 343 F.2d 139 (5th Cir. 1965). The defendant does not have to know the identities of the co-conspirators to be convicted of criminal conspiracy. *Id.*

Marlo Montez Wade claims that the government's recitation of the factual basis for his guilty plea established that he made an agreement to pursue an unlawful objective *only with the government agent*. Wade argues that the factual basis, therefore, did not establish the elements of conspiracy and that his attorney was constitutionally deficient for urging him to accept the plea agreement the government offered.

The record does not, however, support Wade's argument, as the factual basis set forth by the government established an agreement between Wade and several others to possess in excess of five grams of cocaine base with intent to distribute it. The government stated that it was prepared to prove the following facts. Police officers found 1.4 grams of crack cocaine in a vehicle Wade was driving, and Wade was carrying $600.00 cash in his pants pocket at the time. Wade had in the car with him the badge of a former Tunica County Sheriff who was convicted of

trafficking crack cocaine and providing protection to drug dealers. Wade had in his possession a revolver from which he had removed the serial number. He had given the 1.4 grams crack cocaine to the passenger. Wade had been a crack cocaine dealer since he was nineteen years old. He purchased about an ounce (28.350 grams) of crack cocaine per week in Memphis to bring back to sell in Tunica County. Sometimes he would buy powder cocaine instead, then hire someone to cook the cocaine into crack cocaine cookies, which he would then cut into smaller amounts for resale. Wade told the law enforcement officers of two other people from whom he had purchased large quantities of cocaine. He was released on bond but continued to sell crack cocaine. On December 4, 2006, he sold 3.48 grams of crack cocaine to a confidential informant. On December 20, 2006, he sold 22.6 grams of crack cocaine to the informant. On January 3, 2007, he sold 18.7 grams of crack cocaine to an informant, and on February 23, 2007, Wade sold an informant 115 grams of powdered cocaine.

By any rational measure, the government laid out a case for conspiracy to possess over five grams of cocaine base with intent to distribute. Even after he spoke to the police, Wade continued obtaining large quantities of cocaine from others for resale. Confidential informants actually bought cocaine in various forms from Wade. As recited by the government, in order to obtain and distribute crack cocaine, Wade required and received the help from two people (from whom he purchased large quantities of cocaine), other people in Memphis (from whom he purchased an ounce of cocaine on a weekly basis for distribution in Tunica County), and the person who cooked powdered cocaine into crack cocaine. Each of these people, who are not government agents or informants, participated in a conspiracy to possess with intent to distribute in excess of five grams of crack cocaine. This ground for relief is without substantive merit and

will be denied.

## The Sentencing Factors of 18 U.S.C. § 3553(a)

Wade also argues that the court erred by not discussing the sentencing factors contained in 18 U.S.C. § 3553(a) during the sentencing hearing. The court is required to discuss the § 3553(a) factors under the now-advisory Sentencing Guidelines, as the court may no longer presume that the Guideline sentencing ranges are reasonable. *Nelson v. United States,* 555 U.S. 350, 129 S.Ct. 890, 892, 172 L.Ed. 2d 719 ( 2009). The factors to consider under § 3553 are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>>
>>> (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

>>>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

. . .

>> (5) any pertinent policy statement--

>>> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

>>> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. []

>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

>> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) - (a)(7).

In the present case, the court said during the November 1, 2007, sentencing hearing, "Well, I'm about to state the reasons for your sentence, Mr. Wade," and the court addressed some of the § 3553(a) factors, though it did not do so explicitly. The sentencing hearing was conducted on the day the new Sentencing Guidelines went into effect, and the court spent the bulk of the hearing discussing the application and effect of the new Guidelines. The new Guidelines resulted in a 2-level reduction of Wade's offense level and a significantly lower Guideline range for the crack cocaine offense. The court discussed the following factors during the sentencing hearing without explicit reference to § 3553(a):

> Section 3553(a)(1) – Wade's criminal history (adopting the recitation by the government of that history, to which Wade did not object).

> Section 3553(a)(2)(D) – Wade's participation in a drug treatment program, which was obviously necessary in light of his long history as a drug user and dealer.

Section 3553(a)(3) – The kinds of sentences available.

Section 3553(a)(4) – The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

Section 3553(a)(4)(A)(I) - (ii) – the kinds of sentence and the sentencing range for the category of offense and Wade's category as set forth in the Guidelines in effect on the date of sentencing.

Section 3553(a)(7) – The need to provide restitution to any victims.

Transcript of the November 1, 2007, sentencing hearing. Though the court did not discuss each and every factor set forth in § 3553(a), the court covered many of them. To prevail on this issue, Wade has must allege and prove that, but for the court's failure to discuss some of the § 3553 sentencing factors, he would have received a lesser sentence. *United States v. Davis,* 602 F.3d 643, 647 (5th Cir.2010). He has not done so. For this reason, Wade's claim regarding the § 3553(a) factors will be denied.

In sum, all of Wade's claims in the instant motion to vacate, set aside, or correct his sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 19th day of March, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**